JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

**14    4881**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SALIMA CUNNINGHAM

## DEFENDANTS

LA FITNESS INTERNATIONAL, LLC, ERICKA BEASLEY

**(b)** County of Residence of First Listed Plaintiff    **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    **LOS ANGELES**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

REGINALD ALLEN, ESQUIRE, 7601 CRITTENDEN STREET, F12
PHILADELPHIA, PA 19118 (215) 242-3875

Attorneys *(If Known)*

ADRIENNE CHAPMAN, ESQUIRE, BRIGGS LAW OFFICE, 400
MARKET STREET, SUITE 730, PHILA., PA 19106 (215) 925-4632

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☒ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. S 1332
Brief description of cause:
ASSAULT AND BATTERY AND NELGIGENCE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
500,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE                     DOCKET NUMBER

AUG 20 2014

DATE
08/19/2014

SIGNATURE OF ATTORNEY OF RECORD
*Reginald Allen*

### FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1924 Rowan Street, Phila, PA 19124_

Address of Defendant: _PO Box 54170, Irvine, CA 92819_

Place of Accident, Incident or Transaction: _25 City Ave. Bala Cynwyd, PA_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☐

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☒ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

AUG 20 2014

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

I, _Reginald Allen, Esq._, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _8/19/14_          _Reginald Allen, Esq._          _77083_
                         Attorney-at-Law                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _8/19/14_          _Reginald Allen, Esq._          _77083_
                         Attorney-at-Law                 Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Salima Cunningham

    v.

LA Fitness International, LLC

CIVIL ACTION

**14    4881**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

8/19/14     Reginald Allen     Salima Cunningham
**Date**     **Attorney-at-law**     **Attorney for**

(215) 242-5875     (267) 323-2031     Reginald.Allen08@comcast.net
**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02

AUG 20 2014

$400.00

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALIMA CUNNINGHAM | : CIVIL ACTION NO. |
| 1924 ROWAN STREET | : |
| PHILADELPHIA, PA 19124 | :   JURY TRIAL DEMANDED |
| | : |
| V. | : |
| | : |
| | : |
| L.A. FITNESS INTERNATIONAL, LLC | :           **14    4881** |
| P.O. BOX 54170 | : |
| IRVINE, CA  92819 | : |
| | : |
| AND | : |
| | : |
| ERICKA BEASLEY | : |
| L.A. FITNESS INTENATIONAL, LLC | :                                          : |
| P.O. BOX 54170 AND | : |
| CURRENTLY UNKNOWN AND | : |
| UNAMED EMPLOYEES | : |
| AND/OR FORMER EMPLOYEES OF | : |
| L.A. FITNESS INTERNATIONAL, LLC | : |
| P.O. BOX 54170 | : |
| IRVINE, CA 92819 | : |

## COMPLAINT

### JURISDICTION

1. This action is brought pursuant to the laws of the Commonwealth of

   Pennsylvania, and jurisdiction is based on 28 U.S.C. S 1332 for diversity of

   citizenship.

### PARTIES

2. Plaintiff Salima Cunningham is an adult citizen of Philadelphia, PA and

   resided in the Commonwealth of Pennsylvania and in Philadelphia, PA, at

all times relevant to the averments of this complaint.

3. Defendant, LA. Fitness International, LLC (L.A. Fitness) is a corporation, which has an address for its corporate headquarters that is indicated in the caption above; at all times relevant to the complaint, defendant L.A. Fitness did business in the Commonwealth of Pennsylvania and specifically did business at its location at 25 City Avenue, Bala Cynwyd, PA, having thousands of customers.

4. Defendants, Ericka Beasley (Beasley) and the currently unknown and unnamed employees of defendant L.A. Fitness are employees (or former employees) of L.A. Fitness, who at all times relevant to the averments of this complaint, regarding their acts or omissions, were acting as agents and/or servants of L.A. Fitness, and their acts and/or omissions were done within the scope of their respective employment; they are being sued in their official and individual capacities.

## FACTUAL ALLEGATIONS

5. Plaintiff is a former member of L.A. Fitness – an invitee thereof.

6. On March 23, 2013, plaintiff went to defendant's location at 25 City Avenue, Bala Cynwyd, PA, for the partial purpose of taking a spinning class.

7. At that time, defendant Beasley falsely told her that the spinning class was

2

full and that she could not take the class; plaintiff found an operable bike in the class that was not being used, and she merely put the seat on the bike; thereafter, defendant Beasley approached her in an aggressive manner and loudly told plaintiff in the presence of other club members, that she had already told plaintiff that the class was full, ignoring plaintiff's explanation about the extra bike, and forbade plaintiff to take the class.

8.  Defendant Beasley instructed Plaintiff to leave the class and come with her; plaintiff asked why Beasley was being so nasty, at which time Beasley walked away from her.

9.  Plaintiff started to leave and as she was passing the front desk, she saw another employee and asked him if he was a manager – the person asked her why and asked her what was the problem, and stated that he was the operations manager, but that the general manager would be there later – the person plaintiff spoke to said his name was "Josh".

10. Plaintiff informed Josh that she had a complaint, and began to explain her interaction with Ericka Beasley described above; defendant Beasley was standing next to Josh, and cut plaintiff off and started yelling in plaintiff's face, stating that she had told plaintiff that the class was full and that plaintiff could not spin.

11. Plaintiff told Josh, that she was speaking to him, attempting to avoid any

3

confrontation with defendant Beasley – meanwhile, Beasley continued to rant, while Josh stood there silently.

12. Plaintiff asked Josh whether he was going to allow defendant Beasley to continue to yell in her face, to which Josh replied that Beasley was answering plaintiff's questions; plaintiff told him that she was not asking Beasley questions, that she asked for a manager.

13. Defendant Beasley continued to cut plaintiff off when she spoke and Josh told her to hold on, but she continued and Josh did nothing further; realizing that no corrective action would be taken at that time, plaintiff told Josh that if he wasn't willing to help her, he should have stated so, and left.

14. On March 24, 2013, plaintiff went to defendant L.A. Fitness' location at 25 City Line Avenue, Bala Cynwyd, PA (the gym).

15. Plaintiff saw another manager that she knew, named "Chico", who waved her over to talk to him – plaintiff went over to him and told him that she had a complaint against defendant Beasley.

16. Plaintiff explained the incident that occurred on March 23, 2013, including how defendant Beasley had treated her, and Josh's failure to do anything on her behalf,  at which time Chico stated that Josh was a manager, and words indicating that Josh was not inclined to take any action, calling him derogatory name.

4

17. Chico stated that he was a manager, and that "Ted" was the general
    manager, that he would speak to Ted about the incident with defendant
    Beasley, and that he would ensure that something would be done about it;
    plaintiff acknowledged, and the conversation ended.

18. Between March 24, 2013 and April 13, 2013, nobody from defendant L.A.
    Fitness contacted plaintiff regarding her complaint against defendant
    Beasley.

19. On April 13, 2013, plaintiff went to the gym at around 8 a.m., with the
    intention of taking a spinning class at 9:15 a.m.; at around 9:15, plaintiff
    went into the spin room,  found a bike and strapped herself in – plaintiff
    had believed that she would not need to sign in, because she reasonably
    believed that class would not be full.

20. The class began becoming full and the instructor told people in the room
    that they needed to sign in for the class – plaintiff went outside of the room
    for the purpose of signing in for the class, trying to avoid defendant
    Beasley;  plaintiff saw Beasley and went back to the bike she had been on.

21. Defendant L.A. Fitness's normal procedure was for someone to read out the
    names of each person who had signed up for a spinning class.

5

22. Defendant Beasley immediately approached plaintiff, without reading off any names, and in a hostile and angry manner, asked plaintiff if her name was on the list – plaintiff responded that it was not, trying to explain that she did not know that she would have to sign in for that class and that she had been there since around 8 a.m..

23. Defendant Beasley told plaintiff that she was not spinning and plaintiff stated that she was; defendant Beasley stated that they would see and left the room.

24. About a minute later, Beasley returned with Chico, and both of them stood next to plaintiff, while plaintiff was facing forward on the bike – Chico asked plaintiff what the problem was, to which plaintiff responded that there was no problem, that defendant Beasley kept bothering her.

25. Defendant Beasley cut plaintiff off and started yelling at her, to which plaintiff stated that she did not wish to argue with Beasley and asked her why wouldn't she leave her alone.

26. Plaintiff explained to Chico that she did not know she needed to sign up for the second class, that nobody had been waiting, that she had been there early, that Beasley did not read off the names on the sign in sheet, and that she believed that Beasley was merely targeting her (harassing her).

27. Chico asked defendant Beasley who was waiting for the class and to go get

that person(s) and Beasley walked away.

28. Plaintiff told Chico that defendant Beasley's conduct towards her was getting out of hand, that she had complained about her before, and that she believed that Beasley was targeting her for harassment.

29. As plaintiff continued to express her frustration with how she was being treated, she heard defendant Beasley state the word, "bitch" and then plaintiff felt a barrage of punches hitting her in her head and face, coming from her side; defendant Beasley punched plaintiff in her head, face and neck area repeatedly, while plaintiff was still strapped into the bike.

30. Plaintiff loosened herself from the bike to avoid being further struck-Beasley put up her hands as if she was boxing.

31. Plaintiff stumbled as she was getting off the bike, and defendant Beasley punched her several more times in the face; thereafter both defendant Beasley and Chico left the room together; Plaintiff suffered injuries and extreme pain in the areas where she was punched.

32. Plaintiff approached the front desk, stating that defendant Beasley had attacked her and that she was calling the police; she asked defendant's employees for the telephone, to which nobody responded – Chico was within earshot of her, when she asked for the telephone.

7

33. Plaintiff located the phone herself and called the police – as plaintiff was calling the police, defendant Beasley, with Chico standing near her, yelled threats at plaintiff and stated words to the effect of, "that's why I beat your ass" - the police operator told plaintiff not to respond to what Beasley was saying.

34. The police arrived sometime thereafter and interviewed plaintiff, who explained the incident to them, and stated that she wanted to press charges and wanted defendant Beasley arrested.

35. The police responded that they needed to speak to defendant Beasley and the manager (Chico) for their version of events – about a half an hour later, the police came back to plaintiff and told her that they would not be arresting defendant Beasley, that it was just a fight and that if she wished to pursue the matter, she could report to district court and file charges; the police continued, stating that Chico told them that plaintiff was the aggressor and initiated the confrontation by putting her hands in Beasley's face (which was totally false).

36. Plaintiff told the police that she had not started a confrontation, that what Chico stated was false and asked the police if she could talk to Chico about what he had told them – the police told her she could not do so, and that if they asked her to leave the club, that she would have to obey them.

8

37. Plaintiff requested the police to interview witnesses from the spinning class, as there was a room full of people who saw the attack – the police stated that they were not going to interrupt the spinning class to do that, and that they would leave their telephone number for the class instructor to call them.

38. At that time, a woman who had viewed the attack approached plaintiff and began talking about how dangerous it was becoming to sign in for a spin class, and that she was sorry for what had happened to plaintiff, and that she was going write a letter to the manager about it – plaintiff directed her to the police, and she confirmed that plaintiff had been attacked.

39. The police took the woman away to interview her – thereafter the spinning class ended and the police interviewed other witnesses, including the class instructor.

40. The police returned to plaintiff and told her that they had interviewed several witnesses who corroborated what plaintiff had reported, but stated that they would still not take defendant Beasley away in handcuffs, but that they would up the charges from disorderly conduct to simple assault; the police asked if plaintiff wanted to speak to the general manager who had arrived.

41. Plaintiff spoke to Ted (Chico was next to Ted), the general manager, stating

9

she did not know why Chico lied to the police, that he knew she had not

been the aggressor and that Chico had witnessed the attack.

42. Ted denied that Chico had lied to the police; plaintiff told him how

defendant Beasley had been harassing her, and that she had complained

before to Josh and Chico, to no avail.

43. In Ted's presence, the police stated that Chico had changed his story about

what had occurred, and that they had spoken to several witnesses who

corroborated plaintiff's version of the attack.

44. At the time of the physical attack described above, defendant Beasley was

around six feet tall and weighed over 200 pounds.

45. As a result of her physical injuries, plaintiff treated at Thomas Jefferson

University Hospital and with her primary care physician for head and facial

injuries and pain.

46. As a result of the incident described above, plaintiff suffered severe

emotional distress, fear, anxiety and depression, which has manifested itself

into diagnosed psychiatric illness, including panic attacks, post traumatic

stress disorder and depression, for which Plaintiff has undergone psychiatric

treatment, including medication management.

47. As a result of the lack of adequate health care, plaintiff has not been able to

obtain all recommended psychiatric treatment and she still suffers the

10

symptoms and conditions described in paragraph 46 above, including fear, depression, panic, and anxiety.

48. Defendant L.A. Fitness is responsible for the acts of its employees which were committed in the scope of their employment, under the doctrine of respondeat superior – at all times relevant to the averments regarding defendant Beasley, "Chico", "Josh" and "Ted", the were acting within the scope of their respective employment, including that they were performing duties at defendant L.A. Fitness' location, during club hours, and were acting to perform duties on behalf of L.A. Fitness.

49. At the time that defendant Beasley assaulted and battered plaintiff, she was supervising defendant L.A. Fitness' spinning class.

50. At the time that Chico falsely stated to the police that plaintiff had provoked defendant Beasley's assault and battery, he was acting as a manager for defendant L.A. Fitness.

51. On March 23, 2013, Josh negligently failed to supervise and control defendant Beasley, when she was yelling at plaintiff after she complained to him about her; thereafter, he negligently failed to supervise and train Beasley for her inappropriate and provocative conduct.

52. On April 13, 2013, Chico negligently failed to supervise and control defendant Beasley, including stopping her from yelling and screaming at

11

plaintiff; keeping her away from plaintiff, after she had already demonstrated that she might become physically violent; failing to intervene to prevent her from assaulting and battering plaintiff; and failing to intervene to stop her after she began battering plaintiff and continued to physically menace and threaten plaintiff.

53. Chico negligently failed to take corrective actions after plaintiff complained to him after her encounter with defendant Beasley on March 23, 2013.

54. Upon information and belief, defendant L.A. Fitness negligently hired defendant Beasley, by hiring her with the knowledge that she had a propensity for violence and that she might harm a customer.

55. Defendant L.A. Fitness had a duty to plaintiff to protect her from a risk of harm.

56. Defendant L.A. Fitness breached its duty to protect plaintiff from the risk of harm (including from being assaulted and battered) by failing to properly hire, supervise and train its employees, including failing to train its employees that they cannot assault and/or batter customers; failing to supervise and/or train its managerial employees to prevent violence by its employees; by failing to properly monitor employees who are acting inappropriately towards customers; by failing to report inappropriate conduct by employees; by failing to stop employees from committing

12

violence; by not training its managers not to make false statements to the police about incidents that occur on defendant L.A. Fitness' premises.

57. Defendant L.A. Fitness negligently retained defendant Beasley after her actions against plaintiff on March 23, 2013 and otherwise – it failed to exercise reasonable care in hiring her, retaining her and training her, including doing so  with the knowledge that she had a propensity for violence – defendant L.A. Fitness reasonably foresaw defendant Beasley's assault and battery of plaintiff on April 13, 2013.

58. Defendant L.A. Fitness' acts and omissions, including its assault and battery of plaintiff and its negligence were the proximate cause of plaintiff's physical, psychological and economic harm.

59. Defendant L.A. Fitness is liable for for the plaintiff's harm described above, by failing to exercise ordinary care to prevent defendant Beasley's intentional harm to her, which was committed on its premises, which was foreseeable.

60. Defendant L.A. Fitness' and defendant Beasley's acts against plaintiff were malicious, wanton, willful, oppressive and exhibited a reckless indifference to plaintiff's rights, including her right of bodily integrity and her right to be free from defamation to police officers; defendants' acts and/or omissions showed a reckless disregard for plaintiff's safety and defendants L.A.

13

Fitness and Beasley reasonably knew that their acts or omissions created an unreasonable risk of physical harm and other harm to plaintiff.

61. Defendants L.A. Fitness' and Beasley's acts against plaintiff demonstrated a mental state of a realization and appreciation of a risk of physical harm and other harm to plaintiff, yet they still acted with a conscious disregard and or indifference to it.

62. Plaintiff suffered economic harm as a result of defendants' actions, including incurring unpaid medical bills for psychiatric and/or psychological treatment and legal costs.

## COUNT ONE – ASSAULT AND/OR BATTERY AS TO DEFENDANTS L.A. FITNESS AND ERICKA BEASELY

63. Plaintiff incorporates paragraphs 1-62 above as though fully set forth herein.

64. On April 13, 2013, defendant Beasley assaulted and battered Plaintiff, including by placing her in imminent fear of bodily injury and by violently offensively punching her, causing her physical and psychological injury and economic harm.

65. Defendant L.A. Fitness is responsible for defendant Beasley's acts described above, which were committed in the scope of her employment for it.

Wherefore, plaintiff requests judgment in her favor against defendant L.A. Fitness and defendant Erica Beasley, jointly and severally and requests the

14

following relief:

    a. compensatory damages;

    b. punitive damages;

    c. any other relief the Court deems appropriate.

## COUNT TWO – DEFAMATION AS TO DEFENDANT L.A.FITNESS AND CURRENTLY UNKNOWN EMPLOYEE

66. Plaintiff incorporates paragraphs 1-65 above as though fully set forth herein.

67. Defendants managerial employee, Chico intentionally falsely told the police that plaintiff had provoked violence, by waiving her hands in defendant Beasley's face, including in a manner, which was assaultive; the statements accused plaintiff of criminal behavior (assault) and were defamatory per se, and the recipients of the statement viewed them as defamatory and caused them to decide not to arrest defendant Beasley and also to inform plaintiff that she must leave the club, if defendant L.A. Fitness chose to put her out; defendants were not privileged to make the false statements described above, and they were made in malice to harm plaintiff and resulted in actual harm to plaintiff's reputation, by characterizing her as violent and criminal to the police.

68. Chico's defamatory statements described above were made in the scope of

15

his employment for defendant L.A. Fitness, while he was acting as a

manager for it and defendant L.A. Fitness is responsible for the statements

under respondeat superior.

Wherefore, plaintiff request judgment against defendants L.A. Fitness and

the currently unknown employee known only as "Chico" at this time,

jointly and severally and request the following:

   a. compensatory damages;

   b. punitive damages;

   c. any other relief the Court deems appropriate.

# COUNT THREE – NEGLIGENT TRAINING, RETENTION AND SUPERVISON AS
## TO DEFENDANT L.A. FITNESS

69. Plaintiff incorporates paragraphs 1-68 above as though fully set forth

   herein.

70. Defendant LA. Fitness by the acts and omissions of its employees,

   including Ted, Chico, Josh and other currently unknown and unnamed

   employees, has breached its duty to protect plaintiff from the risk of

   foreseeable harm, proximately resulting in her physical, psychological and

   economic injury – these acts and omissions include, but are not limited to

   hiring personnel who it knew or should have known had a propensity for

   violence, who might assault and batter a customer; failing to train and/or

16

supervise employees not to commit violence against customers, failing to discipline employees who are acting out of control towards customers; failing to properly supervise employees who are acting out of control towards customers; failing to train employees to quell and/or stop attacks by other employees against customers, once they start; failing to escalate customer complaints to other management;  failing to train and/or supervise employees regarding proper deportment when they are having a conflict with a customer over procedures and/or protocol, without the need for assaultive conducts and resort to violence.

71. As a result of defendant L.A. Fitness' negligence in hiring and/or training and/or supervising its employees, including for their foreseeable acts and/or omissions done outside of the scope of their employment, including and unnamed employees,  including its personnel responsible for hiring and/or training and/or supervising, the aforementioned employees, plaintiff suffered physical, psychological and economic harm.

72. Defendant L.A. Fitness negligence described above demonstrated a conscious disregard for plaintiff,  including particularly allowing her to be savagely beaten, without attempting to quell defendant Beasley's attack. Wherefore, plaintiff requests judgment in her favor and against defendant L.A. Fitness and requests the following relief:

17

a. compensatory damages;

b. punitive damages;

c. any other relief the Court deems appropriate.

Respectfully submitted,

Reginald Allen, Esquire